MISSISSIPPI STATE HIGHWAY COMMISSION *v.* BAKER et ux.

No. 41935          October 2, 1961          133 So. 2d 277

*Jesse W. Shanks,* Purvis, for appellant.

*William E. Andrews, Jr.,* Purvis; *Edward J. Currie, Sr. & Jr.,* Hattiesburg, for appellees.

Lee, P. J.

This was a proceeding by the Mississippi State Highway Commission to condemn a right-of-way across the lands of J. O. Baker and Wife for Interstate Highway No. 59, a limited access highway. The jury in the eminent domain court fixed the damages at the sum of $11,000. On appeal by the Commission, the circuit court jury awarded $14,000. From the judgment entered thereon, the Commission appealed.

The Bakers owned 120 acres of land in a somewhat irregular shape, as described on the map introduced in

evidence. They had lived on this place for about twenty-five years in a comfortable home, with running water, electric lights, telephone, and improvements such as a barn, tool house, etc. Approximately 25 acres had been devoted to cultivation. The balance was pasture and woodland on which they grazed 40 to 50 head of cattle. However, about four years ago, Mr. Baker, on account of ill health, sold his herd of cattle, and also abandoned his farming operations. Timber, now growing on the property, sprang up naturally and not as a result of a planned forestry operation.

This tract of land is situated about 3½ miles from the Town of Purvis. It is bounded on the southwest by old Highway No. 11, a blacktopped road, for approximately 1,800 feet, and on the southeast by Davis Road, a graveled county road, for about 2,300 feet. The house faces the county road.

The right-of-way, running north and south across the land, ranges in width from 370 to 390 feet. An additional parcel is also to be taken for the construction of an overpass in lieu of old Highway No. 11, under which the new highway will be constructed. Thus the overall taking amounts to 25.42 acres. This will leave 23.81 acres on the west side, and 70.66 acres on the east side, of the right-of-way. The only possible access between these two parcels is a double culvert, ten by sixteen feet, to be installed for drainage purposes; but, according to the evidence, this will be of little, if any, value. All of the improvements, intact, are situated on the 70.66 acre parcel. It will be necessary to build some new fences. The overpass will rise to a maximum height of 19 feet, and will limit entrance to most of the frontage on old Highway No. 11. There is confusion as to whether the access to the 23.81 acre parcel can be obtained off of the overpass to be constructed. At any rate, it will be difficult and somewhat expensive to assure access. However, this parcel is largely woodland and obviously still has value.

Three witnesses testified for the Commission. The highest appraised value, before the taking, was $17,775, and, after the taking, $12,500. Their estimated damage ran from a high of $5,600 to a low of $5,150.

Four witnesses, including J. O. Baker, testified for the landowners. Their estimates of value, before the taking, were all in excess of $30,000; and, after applying their estimates of the value of the property, after the taking, they concluded that the damage would range between $14,950 and $21,500.

Of course 25.42 acres will actually be taken. While the 23.81 acre parcel on the west side will not be taken, it must be conceded that the value of this parcel will be substantially diminished because of the impairment of its accessibility. But, at the same time, it continues to possess value, and cannot be written off as worthless.

The overpass will undoubtedly impair the accessibility and desirability of the land abutting along old Highway No. 11. Some of the opinion evidence for the landowners placed the value of this land at as much as $500 an acre, and the whole 120 acres at $200 an acre. But it must be remembered that this land is 3½ miles from town. Consequently it cannot be viewed as townsite property. Moreover, the value of this acreage must be determined from the uses to which it is adaptable, namely, farming, raising cattle, and growing timber. The evidence did not show that the productivity of this land for its adaptable purposes warranted the values which were placed on it by the landowners' witnesses.

The reduction of this tract to a compact 70.66 acres will result in some loss of value at least insofar as stock-raising is concerned. Undoubtedly the larger acreage, for that purpose, would be more desirable and perhaps more profitable.

However, the witnesses for the landowners advanced no sound reasons to justify their astronomical figures either as to the value of the property or as to the damage which will result from this taking.

■■ ■ The Court is always reluctant to interfere with verdicts of juries which fix the value of private property which is taken or damaged for public use. It is contemplated and required that due compensation shall be made. Section 17, Constitution 1890. And of course, if the parties cannot agree, it is the function of a jury to determine the amount of the damage. ■■ ■ In such a case, the verdict should not be set aside unless it is so excessive as to be contrary to the great weight of the evidence or to indicate bias or prejudice. Miss. State Highway Commission v. Brooks, 239 Miss. 308, 123 So. 2d 424; Miss. State Highway Commission v. Strong, 240 Miss. 756, 129 So. 2d 349.

■■ ■ If there had been no increase by the circuit court of the award of $11,000 by the eminent domain court, this Court would deem that amount to be excessive, although not so excessive as to indicate bias, passion or prejudice. But since the amount of the verdict here is $14,000, the Court finds that it is so excessive as to come within the foregoing rule.

If, however, the appellees within fifteen days from this date, will enter a remittitur for that part of the judgment in excess of $11,000, the cause will be affirmed with a remittitur accordingly; otherwise the cause will be reversed and remanded for a new trial.

Affirmed with remittitur; otherwise reversed and remanded for a new trial.

*Kyle, Gillespie, McElroy* and *Jones, JJ.,* concur.