ROBERTSON, Justice.
The Mississippi State Highway Commission brought an eminent domain suit against Andrew J. Ware to condemn lands for a right-of-way for U. S. Highway No. 49. The defendant owned approximately 51 acres of land on the outskirts of Mount Olive, Mississippi. His parents purchased this acreage in 1958 for $6,000.00, which is approximately $117.60 per acre.
The right-of-way which the Commission needs will be about 385 feet wide and will comprise about 5.27 acres. This right-of-way would be through the middle of the defendant’s lands and would leave a tract of 17.57 acres adjoining the right-of-way on the northeast, and a tract of 28.16 acres adjoining the right-of-way on the southwest. The 17.57 acre tract on its northeastern boundary fronts on the Mount Olive-Jaynesville paved road. This parcel is by far the best part of the entire 51 acre tract and access to it is not affected by the new U. S. Highway No. 49 because access to this parcel will remain as it has been by way of the Mount Olive-Jaynesville road.
The property is high along the Jaynes-ville road and then falls toward the southwest so the parcel to be acquired by the Commission is low land traversed by a creek branch which meanders through the entire 5.27 acres. No improvements are on the 28.16 acre parcel. The testimony was that there is some scrub hardwood timber of no merchantable value on this parcel. However, during the past two years, the defendant has planted some young pecan trees on this tract.
U. S. Highway No. 49 will be a controlled access highway, but the Commission has agreed to construct a dirt ramp from the highway to the 17.57 acre tract adjoining on the northeast. Opposite the ramp the Commission will also construct a cross-over in the neutral ground between northerly and southerly traffic lanes. It will be necessary for the defendant to construct a dirt ramp off of the southerly edge of the highway if he desires access from the highway to the southwesterly tract.
The testimony was that the only access that the defendant previously had to the 28.16 acre tract was a so-called bridge consisting of three logs across the ditch or creek branch. A person or possibly a tractor could cross on these logs.
The witnesses for the Highway Commission were the project engineer, two Commission employees who devote their full time to appraising lands to be acquired for highway purposes, and an independent realtor and appraiser from Laurel, Mississippi.
The witnesses for the defendant were the landowner himself, who lives in New Orleans, Louisiana; Charles Wayne Chain, a resident of Mount Olive, who is engaged in the implement business and also does *876 some farming; Fleete Smith, a resident of Magee, Mississippi, which is about ten miles from Mount Olive; and Dewey McLeod, a resident of Mount Olive, who stated that his means of livelihood was buying and selling real estate.
The damages for the parcel of land taken for the highway, based on the before and after fair market value rule, ranged from $2,700.00 to $3,300.00 according to the witnesses for the Commission. The damages, according to the witnesses for the defendant, ranged from $8,000.00 to $12,-500.00.
The jury in the special eminent domain court returned a verdict for $6,200.00, and the Circuit Court jury returned a verdict for $5,937.50 damages. The Commission appeals to this Court assigning as the principal error, the excessiveness of the damages awarded the defendant-appellee. We agree with the petitioner that the damages awarded are excessive, so excessive as to evince bias, prejudice and passion on the part of the jury in favor of the defendant-appellee.
The witnesses for the appellant went into detail and gave logical reasons for their before and after valuations of the ap-pellee’s land, and how they arrived at the amount of his damages. In contrast, the witnesses for the appellee did not state in any shape, form or fashion how they reached their valuations and how they arrived at the amount of damages suffered by the appellee. They appeared from the record to call on rather vivid imaginations for their valuations and did not even know the width of the right-of-way nor the acreage being condemned. Their knowledge of the lands of the defendant, based upon personal observations and inspections before the right-of-way had been graded out, was very vague and sketchy.
As was said in the case of Mississippi State Highway Commission v. Baker, 241 Miss. 738, 742, 133 So.2d 277, 278 (1961):
“* * * the witnesses for the landowners advanced no sound reasons to justify their astronomical figures either as to the value of the property or as to the damage which will result from this taking.”
Without stating the reasons for their valuations and their analysis of the damages, the testimony of defendant’s witnesses is simply not credible, reasonable or logical.
The jury in the Circuit Court returned a verdict of $5,937.50 which is about $1,126.50 per acre for the 5.27 acres needed for the highway right-of-way, and this, too, is for the poorest part of the defendant’s lands. The defendant acquired the entire tract in 1958 at an average cost of $117.60 per acre. Of course, the verdict of the jury undoubtedly included some severance damage which is proper.
 Inasmuch as we have concluded that the verdict of the jury is so unreasonable and excessive as to evince bias, prejudice and passion, we find that the judgment of the lower court should be reversed and the cause remanded for a new trial, unless the appellee will enter a remittitur of $2,000.00 within fifteen days, thereby reducing the verdict to $3,937.50, which would be $747.10 per acre for virtual swamp land. We believe and are thoroughly convinced from the record that this will fully compensate the appellee for the 5.27 acres taken and any severance damages that he has sustained.
Affirmed with remittitur; otherwise reversed and remanded.
ETHRIDGE, C. J., and BRADY, PATTERSON and INZER, JJ., concur.