Dudley and another vs. Stiles.

---

## DUDLEY and another vs. STILES.

COUNTERCLAIM — ESTOPPEL — AMENDMENT. (1-3) *Judgment on note; action on judgment; what defendant is estopped from pleading.* (4, 5) *Amendment of answer — Statute of limitations.*

1. Where, in an action upon a note, judgment was rendered against the defendant, he is estopped, in a subsequent action on the judgment, from alleging payment of the note; and is also estopped from setting up any *counterclaim* which was set up and adjudicated against him in the former suit.

2. In the action upon the note, the facts that defendant, after the note was given, sold plaintiff's logs at a stipulated price exceeding the amount

of such note, and that plaintiff agreed to apply such amount in payment of the note when it should become due, and pay the defendant the balance, would not show a *payment* of the note, and could not have been pleaded as a *defense*, though they might have been set up as ground of counterclaim.

3. Such counterclaim, not having been made in the action upon the note, may be set up in an action on the judgment.

4. In such action on the judgment, defendant having merely answered by a general denial, it was error to refuse him leave to amend by setting up the counterclaim above described, upon his filing an affidavit of merits and satisfactorily excusing his failure to plead such counterclaim in the first instance. So *held* in a case where defendant's affidavits showed that plaintiffs became insolvent soon after recoving the judgment on the note, and had never paid any part of the money due on the logs.

5. If the proposed amendment shows on its face that the counterclaim is barred by the statute of limitations, that is no reason for refusing it; the plea of the statute being a personal privilege, which the other party may waive, and which can be made available only by answer.

'APPEAL from the Circuit Court for *Chippewa* County.

The action is upon a judgment rendered in a district court of the state of Minnesota, in favor of the plaintiffs and against the defendant. The answer is a general denial. At the next term of the court after the answer was interposed, the defendant moved the court for leave to amend his answer; having previously served upon the attorney for the plaintiff notice of such motion, and copies of an affidavit of merits and of the proposed amended answer. Such proposed amendments were, to add to the general denial allegations that the judgment sued on was recovered on a certain promissory note given by the defendant to the plaintiffs; that after the same was given, and before it became due by its terms, the defendant sold and delivered to the plaintiffs a quantity of saw logs at a stipulated price per thousand feet; that the plaintiffs agreed to pay therefor in the following manner, to wit: " To apply the same upon the payment of said note, principal and interest, when the said note should become due, and to pay the

balance thereof one year from the date of the sale of said logs to them as aforesaid;" that the plaintiffs failed to make such application when the note became due, but, on the contrary, sued the note and recovered said judgment upon it; and that they soon after became insolvent, and have never paid any part of the balance due on said logs. There is also a demand for judgment for a specified sum. It is also stated in the amended answer, that the note upon which the Minnesota judgment was recovered became due by its terms July 1, 1859.

From an order of the circuit court denying leave thus to amend his answer, the defendant appealed.

*J. S. Carr*, for appellant, argued that the judgment here sued upon is not conclusive against the counterclaim now proposed to be set up, defendant not having appeared in the former action (*Fowler v. Shearer*, 7 Mass., 14; *Woodward v. Hill*, 6 Wis., 143, and cases there cited); that defendant might maintain an action for plaintiffs' breach of their contract, or an action for money had and received (*Woodward v. Hill, supra*), and had therefore a valid counterclaim to this action, which is one founded upon contract (R. S., ch. 125, sec. 11, subds. 1, 2; Chitty on Con., 2, 3; *Taylor v. Root*, 4 Keyes, 335); that the fact that plaintiffs are insolvent and unable to respond in damages, is a reason for allowing the proposed amendment (*Dolph v. Rice*, 21 Wis., 592); that after a general denial an amendment will be allowed so as to set up other defenses (*Rogers v. Wright*, 21 Wis., 681); that a defendant may amend by setting up counterclaims after the cause is noticed for trial (*Beardsley v. Stover*, 7 How. Pr. R., 294); that as orders allowing new defenses are appealable when they affect substantial rights and involve the merits (*Jones v. Walker*, 22 Wis., 222; *Harrington v. Slade*, 22 Barb., 161), so, conversely, an order refusing the same would be appealable (22 Wis., 222); and that where the essential justice of the case depends upon the allowance of an amendment, to refuse it is such an abuse of discretion as to amount to error. *Rublee v. Tibbetts*, 26 Wis., 399; *Edson v. Hayden*, 18 id., 627.

*A. Meggett*, for respondents, argued that the defendant is estopped by the former judgment from setting up any matter which constituted a defense to the former action (*Tallman v. McCarty*, 11 Wis., 406; *Finney v. Boyd*, 26 id., 370; Bigelow on Estoppel, 193 and 194, citing *Lazier v. Westcott*, 26 N. Y., 146; Story's Conflict of Laws, § 607); that the defendant was made aware by the commencement of the former action against him for the full amount of the note (in June, 1863), that the plaintiffs refused to apply upon the note the proceeds of the logs mentioned in his proposed amended answer; that if defendant, with this knowledge, failed to set up the sale of said logs as a payment, or as a counterclaim, in the former action, he clearly elected to waive this defense, and to resort to his separate action upon his agreement with the plaintiffs; that his default in that action was an admission that he had no defense thereto, and of plaintiffs' right to recover on the note (*Sturtevant v. R. R. Co.*, 11 Wis., 65; id., 406; 26 id., 370); and that his right of action against plaintiffs on their alleged agreement expired in June, 1869 (R. S., ch. 138, sec. 17, subd. 1; Angell on Lim., § 65; *Nash v. Tupper*, 1 Caines, 402), and it was too late, in 1871, to set up the same matter as ground of counterclaim. Counsel further argued that as the first answer was a general denial, it was inadmissible to amend by interposing an entirely new defense and counterclaim (*Shernecker v. Thein*, 11 Wis., 556; *Rogers v. Wright*, 21 id., 681; *Stevens v. Brooks*, 23 id., 196); and that, as the application to amend was not made until the trial was reached, the denial of it was not an abuse of discretion and would not be reviewed by this court. *Gillett v. Robbins*, 12 Wis., 319; *Sweet v. Mitchell*, 19 id., 524.

LYON, J.   The substance of the proposed amendment to the answer is a counterclaim for part of the price of the logs therein mentioned, which the plaintiffs have failed to pay as they agreed.   It is not averred that the note was *paid* by the sale of the logs to the plaintiffs, but only that thereby the means was

placed in plaintiffs' hands, which they agreed to apply in payment of the note at a future day, but failed to do so. Evidence of those facts, had they been interposed as a defense in the suit on the note, would not have sustained a plea of payment of the note, because no payment thereof was made; but such evidence would have supported a counterclaim for the sum which the plaintiffs so received and failed to apply, had such counter-claim been interposed.

The alleged breach by the plaintiffs of their agreement to apply the proceeds of the logs in payment of the note when the same should fall due, could not have been available to the defendant in the suit upon the note, *as a defense*, but only as a *counterclaim*, which is in substance a cross action. This being the case, the defendant had his option, either to interpose such counterclaim in the action against him on the note, or to bring an action against the plaintiffs to recover back the sum which they had thus received and failed to apply. Had the defendant *paid* the note, or, not having paid it, had he interposed such breach of the plaintiffs' contract as a counterclaim in the action upon the note, and failed for any reason to get it allowed, he would doubtless be estopped by the judgment from interposing the defense of payment, or such counterclaim, in this or any other action, and also from maintaining an action therefor. To this effect are the cases cited by the learned counsel for the plaintiffs. But, as already observed, we have no such case before us.

The cases of *Woodward v. Hill*, 6 Wis., 143, and *Driscoll v. Damp*, 17 id., 419, are conclusive of the proposition, that, taking the averments of the proposed amended answer as true, the defendant is not estopped by the Minnesota judgment from interposing such counterclaim in this action.

It is objected that the proposed answer shows upon its face that the statute of limitations has run upon the defendant's demand. Perhaps this is true, but we do not decide whether it is or not. We are of the opinion that this objection is not

available to the plaintiffs on this motion. When the amended answer is interposed, the plaintiffs may answer the statute of limitations, or abstain from doing so, as they may be advised. It is purely a personal privilege, and can only be made available by answer.

We think the defendant, in his affidavit accompanying the affidavit of merits, has satisfactorily excused his failure to interpose the counterclaim in the first instance; and the application for leave to amend seems to have been made within a reasonable time after he was fully advised of the necessity for a further answer. Upon the whole case we must hold that in the exercise of a sound judicial discretion the amendment should have been allowed by the circuit court.

*By the Court.*— The order appealed from is reversed, and the cause remanded with directions to the circuit court to grant the application on such terms as to that court shall seem just and equitable.