HENRY J. FISKE *vs.* ALFRED E. STEELE.

Hampshire.    September 16, 1890. — October 23, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Action upon Judgment — Set-off.*

In an action upon a judgment obtained upon a promissory note and an account
annexed, the defendant may plead in set-off independent claims accruing before
the date of the writ in the original action, which were neither pleaded therein
nor credited in the account.

CONTRACT upon a judgment.    Trial in the Superior Court,
without a jury, before *Barker*, J., who found for the plaintiff.
The defendant alleged exceptions, which, so far as material to
the point decided, appear in the opinion.

*J. A. Wainwright*, for the defendant.

*E. Parsons & A. T. Crossley*, for the plaintiff.

DEVENS, J.    The plaintiff sued upon a judgment founded on
a promissory note and an account annexed, which was recovered
on December 8, 1872.    The defendant filed a declaration in
set-off on an account annexed, certain items of which accrued
previous to October 8, 1872, which was the date of the writ
in the original action.    The defendant offered to prove these
items, but the court " ruled that any items accruing before the
8th day of October, 1872, and which might have been pleaded in
set-off in the original action, could not be used in set-off in this
action."    While from the date of these items it is possible that
they were barred by the statute of limitations, the ruling ex-
cluding them was not made upon this ground.    If it had been,
it may be that the defendant could have offered evidence which
would have brought them within the exceptions of the statute.
They were excluded, because they were such as might have been
pleaded in set-off in the original action in which the judgment
sued on was recovered.

The merits of a cause once decided, as a general proposition,
cannot be brought again into controversy.    Where, therefore,
a party in an action brought against him fails to avail himself
of a defence thereto, he cannot in an action upon the judgment

obtained therein make a defence which existed prior to the judgment, and which he might have made in the original action. Where a party, by accident or mistake, has failed to make such defence as he might have made, ample provision has been made for his relief, as by a review, or in a proper case by a writ of error. The authorities cited by the plaintiff go to this extent, but no further. *Thatcher* v. *Gammon*, 12 Mass. 268. *Homer* v. *Fish*, 1 Pick. 435, 440. *Faxon* v. *Baxter*, 11 Cush. 35, 36. *Richardson* v. *Wolcott*, 10 Allen, 439, 440. It has never that we are aware of been held that an independent cause of action possessed by a defendant, and existing previous to a judgment obtained by a plaintiff, is barred thereby, even if the defendant might have pleaded it in set-off, unless it has been in fact so pleaded and made the subject of adjudication. A set-off is an assertion of a counter, distinct, and independent demand and cause of action, affording, to the extent to which it is sustained, a legal reason why the defendant should not be called upon to pay the demand sued, but it is not a defence thereto.

In *Minor* v. *Walter*, 17 Mass. 237, A. had recovered judgment against B. on an account annexed to his writ, in which B. was credited with certain goods, and it was held that such judgment was no bar to an action by B. against A. for the value of the same goods, if they were not credited at their full value by A. in the first suit. It is there said by Mr. Justice Wilde of the statute of set-off: "It never was intended to compel any one to plead a set-off, and has never been so construed." In *Briggs* v. *Richmond*, 10 Pick. 391, it was held that if a plaintiff recovers judgment by default against a defendant upon an account annexed to the writ, in which account the defendant is credited with certain services at their full value, this judgment will be a defence to an action for the same services brought by such defendant against such plaintiff during the pendency of the first action.

The case of *Sheldon* v. *Kendall*, 7 Cush. 217, is not in conflict with this statement, although a single phrase used by Mr. Justice Bigelow *obiter* at the close of the opinion might at first seem to give countenance to the contention of the plaintiff. The point there decided is, that, in an action on a judgment of a court of another State, "nothing can be shown by way of set-

off to the judgment on which the plaintiff relies, which involves the merits of the original debt, or which could properly have been pleaded and proved in defence or answer to the claim on which such judgment is founded." At the close of the opinion, it is said, " The defendant in this case must therefore be confined strictly to demands properly the subject of set-off, entirely independent of the merits of the claim on which the judgment is founded, and which could not have been pleaded in set-off in the original suit." It is evident that the words " in set-off," at the close of the sentence, are used by inadvertence instead of the words " in defence " of the original suit. The earlier part of the sentence contemplates that demands properly the subject of set-off, and independent of the merits of the claim on which the judgment sued on is founded, may be pleaded in an action upon it, and it is seen that the only intention of the closing remark, when taken with the sentences which precede, is to guard against any inference that matters of defence which were open in the original suit could be again made the subject of controversy.

We have no occasion, in the case at bar, to decide what would have been the effect if the plaintiff had given the defendant credit to their full amount for the items which the defendant now pleads in set-off. An examination of the papers in the original action, which are made part of the exceptions, shows that he did not do so, and that they were in no way there brought to the attention of the court, or involved in the judgment. That a defendant is in no way bound to plead a set-off, if he would obtain the benefit of it, is recognized in *Hunt* v. *Brown*, 146 Mass. 253, 255, where it is said by Mr. Justice Holmes, of an independent collateral contract: " A breach of it was a substantive cause of action, upon which the present plaintiff might bring his own suit in his own way, and he was no more bound to plead it than he would have been bound to plead a set-off, fraud, or a breach of warranty." As the defendant was not bound to plead these items in set-off, and as he might, so far as appears, now bring an action upon them, he may now plead them in set-off in a suit upon the original judgment. Upon this point we are of opinion that the ruling of the presiding judge was erroneous.          *Exceptions sustained.*