## Bishop's Administrator v. Bishop, et al.

(Decided February 16, 1915.)

### Appeal from Lincoln Circuit Court.

Judgment—Merger and Bar of Causes of Action and Defenses—Matter Available in Former Action as Set-off and Not Pleaded.—Where defendant has an independent claim against plaintiff, such as might be either the basis of a separate action, or might be pleaded as a set-off, he is not obliged to plead it in plaintiff's action although he is at liberty to do so; and if he omits to set it up in that action, under Section 17, Civil Code, he may thereafter sue plaintiff on the claim; and having that right, he has likewise the right to interpose the claim by way of set-off when plaintiff's foreign judgment is sought to be enforced.

J. N. SAUNDERS for appellant.

J. B. PAXTON for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

On March 19, 1904, Josiah Bishop was, by the Probate Court of Kay County, Oklahoma, appointed administrator of the estate of his deceased son, Fred P. Bishop, who died a resident of said county.

On January 3, 1906, the letters of administration were revoked, and E. L. Faris was appointed administrator instead of said Josiah Bishop.

On April 29, 1908, upon a final statement of the accounts of Bishop as administrator, he was ordered to pay into the hands of his successor $1,134.50; and Faris was ordered to bring suit therefor if not paid within fifteen days.

On March 16, 1909, Faris, administrator, instituted this action in the Lincoln Circuit Court, this State, against Bishop to recover the sum mentioned.

Bishop answered and interposed by way of set-off the fact that on July 10, 1904, he was compelled to and did pay a note in the sum of $1,195 upon which he was surety for Fred P. Bishop, his deceased son. The court dismissed the petition, and plaintiff appeals.

1. Appellant contends that the order of the Probate Court of Kay County, Oklahoma, directing Bishop, as administrator removed, to pay into the hands of his successor $1,134.50 was a judgment; and that as Bishop failed to claim credit in that settlement for the amount paid by him as surety for his son prior thereto, he can not in this action interpose it by way of set-off, being concluded by the former alleged judgment.

Appellee contends that the order mentioned was not a judgment. We find it unnecessary, however, to decide the question; for, conceding that it is a judgmnt, Bishop still had a right to interpose his set-off.

In 23 Cyc., 1202, it is said that: "As a general rule, where a defendant has an independent claim against plaintiff, such as might be either the basis of a separate action or might be pleaded as a set-off or counter-claim, he is not obliged to plead it in plaintiff's action, although he is at liberty to do so; and if he omits to set it up in that action, this will not preclude him from afterward suing plaintiff upon it." And, of course, if he may sue plaintiff upon it, he may, in the same right, interpose it as a set-off when the foreign judgment is sought to be enforced.

In Truesdale v. Brady, 105 S. W., 122, 31 R., 1336, plaintiff sued for damages for breach of contract; defendant failed to plead as a counter-claim a balance due to him from plaintiff on the contract; and the court held that a judgment for plaintiff was not a bar to a subsequent action by defendant against plaintiff to recover the balance due him on the contract, as under Section 17, Civil Code of Practice, the former judgment did not prevent a recovery on any claim "which was not, though it might have been, used as a defense by way of set-off or counter-claim in the action." For other cases under this section of the Code see City National Bank v. Gardner, 5 R., 682; Walker v. Thomas, 8 R., 700; Sherley v. Trabue, 85 Ky., 71; Emmerson's Admr. v. Herriford, 8 Bush, 229; Commonwealth v. Barker, 126 Ky., 210. See also Jefferson Noyes & Co. v. Western National Bank, 144 Ky., 62, wherein the distinction between what constitutes

a defense merely and what is really the basis of a separate action, is well considered.

In the case at bar the claim of Josiah Bishop against the estate of his deceased son, arising by virtue of the former's payment as surety for the latter of the note for $1,195, was incontestably an independent matter such as rendered it optional with him whether he should claim credit for it in the Oklahoma Probate Court.

It is claimed by appellee in briefs of counsel that his Oklahoma attorney to whom the note was sent when paid, failed to file it and obtain proper credit for it in the settlement; but the record does not so show. However, it is immaterial as to how the failure occurred to claim credit for the payment of the note at that time. Appellee under the authorities above cited had the right to sue upon the claim in an independent action, and, having that right, he had likewise the right to interpose it as a set-off in the action on the foreign judgment.

Judgment affirmed.