GERALD, D.B.A. GERALD'S AUTO REPAIR WORKS *v.* FOSTER

No. 43129          November 9, 1964          168 So. 2d 518

*Wells, Thomas & Wells, Walker L. Watters,* Jackson, for appellant.

66

*Courtney* & *Echols,* Jackson, for appellee.

KYLE, P. J.

This case is before us on appeal by Hugh Gerald, doing business as Gerald's Auto Repair Works, defend-

ant in the court below, from a judgment of the Circuit Court of the First Judicial District of Hinds County, affirming a judgment of the county court in favor of Herman Foster, plaintiff in the court below, in an action brought by the appellee against the appellant on a judgment rendered in favor of the appellee against the appellant in the State of Louisiana.

The record shows that on January 8, 1963, Herman Foster, as plaintiff, filed declaration in the county court of the First Judicial District of Hinds County against Hugh Gerald d/b/a Gerald's Auto Repair Works, as defendant, in which he alleged that a judgment was rendered in favor of the plaintiff Herman Foster against the defendant Hugh Gerald, d/b/a Gerald's Auto Repair Works, in Cause No. 64525, Division ''C'', in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, on December 19, 1958, in the amount of $735, together with legal interest thereon from the date of judicial demand until paid and all costs. A duly authenticated copy of the above mentioned judgment of the Louisiana Court was attached to the plaintiff's declaration and made a part thereof. The plaintiff further alleged that the defendant, at the time of the filing of the plaintiff's declaration, was a resident citizen of the State of Mississippi, and the Louisiana Court had no jurisdiction of the defendant; that no part of said judgment had been paid. The plaintiff therefore sued and demanded judgment of and from the defendant for the sum of $735, together with legal interest from December 19, 1958, until paid, and all costs accrued and to accrue in the cause.

The defendant Hugh Gerald, d/b/a Gerald's Auto Repair Works, filed an answer to the plaintiff's declaration in which he admitted the facts alleged in the plaintiff's declaration concerning the rendition of the judgment entered against him by the Louisiana Court. The defendant, however, as a part of his answer filed a setoff

claim showing that, at the time of the filing of the suit by the plaintiff against the defendant, the plaintiff was indebted to the defendant for the sale of two automobiles and for work performed, as shown by account of setoff attached to the defendant's answer, which said indebtedness exceeded the demand of the plaintiff as set forth in the plaintiff's declaration. The defendant therefore prayed that the indebtedness to the plaintiff be credited with the amount of the setoff and that the plaintiff take nothing, and pay the costs of the suit.

The nature of the several items of the defendant's setoff was fully stated in the account of ·setoff, as follows: (1) That in 1956 the defendant, Hugh Gerald, d/b/a Gerald's Auto Repair Works, sold by oral contract a 1947 Mercury Coupe to the plaintiff, Herman Foster; that by the terms of the contract the plaintiff was to pay to the defendant the sum of $395 for the automobile; that the car was delivered to the appellant, but the plaintiff never paid any money for the car or returned it; that the plaintiff therefore owed to the defendant the sum of $395, plus interest on said indebtedness in the amount of $162.20. (2) That in February 1958 the defendant, Hugh Gerald, d/b/a Gerald's Auto Repair Works, sold to the plaintiff by oral contract a 1950 Plymouth two-door coach, for which the plaintiff was to pay to the defendant the sum of $495; that the car was delivered to the plaintiff, but the plaintiff never paid any money for the car or returned it; that the plaintiff therefore owed to the defendant the said sum of $495, plus interest on said indebtedness in the amount of $148.50. (3) That in September 1957, the plaintiff and the defendant entered into an oral contract in which the defendant agreed to repair for the plaintiff a Borden Milk Truck; that the repairs made totaled $50, and the plaintiff never paid for said work. It was therefore alleged that the plaintiff was indebted to the defendant in the amount of $1,265.70, which sum

the defendant pleaded as a setoff against the demand of the plaintiff.

In response to the answer and plea of setoff filed by the defendant, the plaintiff moved to strike the account of setoff, and as grounds for said motion alleged the following: (1) That the account of setoff did not state a cause of action; (2) that the account of setoff did not arise out of the same cause of action; (3) that the defendant was estopped from pleading setoff on the ground of res judicata; and (4) that the defendant was estopped from pleading setoff on the ground of laches.

The cause was heard by the trial judge on the plaintiff's motion to strike the account of setoff. The trial judge was of the opinion that the motion to strike should be sustained, and there being no further issues between the parties, since the defendant admitted the allegations of the plaintiff's declaration, it was ordered and adjudged that the plaintiff's motion to strike the account of setoff be sustained, and that the plaintiff have and recover of and from the defendant the sum of $735, together with interest thereon at the rate of six percent per annum from January 5, 1959, and all costs accrued in the cause.

From that judgment the defendant prosecuted an appeal to the circuit court without supersedeas. The cause was heard by the circuit court on said appeal from the county court on September 11, 1963, and a judgment was entered affirming the judgment of the county court. From that judgment the appellant has prosecuted this appeal, and has assigned as grounds for reversal of the judgment the following: That the circuit court erred in affirming the decision and judgment of the county court which sustained the plaintiff's motion to strike the defendant's setoff.

We think the circuit court erred in affirming the decision and judgment of the county court sustaining the plaintiff's motion to strike the defendant's setoff.

Mississippi Code Annotated sections 1481 and 1482 (1942) provide as follows:

Section 1481. Set-off pleaded. Where a mutual indebtedness exists between the plaintiff and defendant, the defendant may plead and setoff against the demand of the plaintiff any debt or demand which he may have against the plaintiff; and if it shall appear that the demand of the defendant is valid and equals the demand of the plaintiff, the judgment shall be that the plaintiff take nothing by his writ and pay the costs. And if it appear that any part of the sum demanded has been paid, but that the plaintiff's demand exceeds that of the defendant, the amount paid shall be deducted, and the plaintiff shall have judgment for the residue of his demand only, with costs of suit. But if it appear that the plaintiff is overpaid, and is indebted to the defendant, the defendant shall be entitled to judgment for the amount due to him against the plaintiff for the amount so found, with costs, and execution may issue therefor.

"Section 1482. Items of Set-off Filed. If the defendant plead a setoff or give notice of any setoff under the general issue, or shall desire to prove any setoff under plea of payment, he shall file with his plea or notice an account, stating distinctly the nature of the setoff and the several items thereof, and a copy of any writing intended to be setoff; and on failure to do so, he shall not be entitled to prove such setoff on the trial."

It is argued first, on behalf of the appellee, that the account of setoff attached to the defendant's answer did not state a cause of action or a valid defense against the demand of the plaintiff for the following reasons: (a) That the account of setoff did not comply with the provisions of Mississippi Code Annotated section 1482 (1942), which requires that such plea of setoff state distinctly the nature of the setoff and the several items thereof; (b) that the alleged setoff was not a mutual

indebtedness as against the judgment; and (c) that the plaintiff was not and had not been indebted to the defendant in any amount, otherwise the defendant would have filed with his answer in the court of original jurisdiction the amount of setoff.

■■ ■ We think there is no merit in the appellee's contention that the defendant's claim of setoff did not comply with Code section 1482, supra. The defendant's statement of his claim of setoff, in our opinion, showed with sufficiency particularity "the nature of the setoff and the several items thereof."

We also think there is no merit in the appellee's contention that the several items of indebtedness stated in the defendant's claim of setoff did not constitute a mutual indebtedness as against the judgment sued on.

In construing the above mentioned section, which appears as Mississippi Code Annotated section 745 (1906), this Court in Hoover Commercial Co. v. Humphrey, 107 Miss. 810, 66 So. 214 (1914), said: "Our present statute (Section 745 of the Code of 1906) reads: 'Where a mutual indebtedness exists between the plaintiff and defendant, the defendant may plead and setoff against the demand of the plaintiff any debt * * * which he may have against the plaintiff.'

"This language is practically the same in the Codes of 1892, 1880, 1871 and 1857.

"It will be seen that the statute contemplates a mutual indebtedness between the parties. This implies that there was a dealing together between them, so that each became indebted to the other. 'Mutual' means reciprocally acting, giving, receiving, interchanging.

"A mutual account is one in which there must be reciprocal demands, charges by each party against the other, like accounts between merchants. If the demand is only on one side, the account is not mutual." See also Shapleigh Hardware Co. Inc. v. Brumfield, 159 Miss. 175, 130 So. 98 (1930).

In Black, Law Dictionary (5th ed. 1951), the phrase "mutual debts" is defined as follows: "Money due on both sides between two persons. Such debts must be due to and from same persons in same capacity. Dole v. Chattabriga, 82 N.H. 396, 134A, 347, 348. Cross debts in the same capacity and right, and of the same kind and quality. Lippitt v. Thames Loan & Trust Co., 88 Conn. 185, 90 A. 369, 374."

■■ ■ The demand of the plaintiff in the case that we have before us and the debt or demand pleaded as a setoff by the defendant in his answer constituted reciprocal demands, charges by each party against the other. The defendant's items of setoff were not claims for unliquidated damages, but money demands, the amount of which was ascertained or ascertainable by calculation. They were demands which arose out of dealings between the parties so as to create a mutual indebtedness.

■■ ■ It is next argued on behalf of the appellee that the defendant's account of setoff was in its nature a counterclaim governed by the provisions of Mississippi Code Annotated section 1483.5 (1956), and should have been stricken since it was not germane to the main action. But we think there is no merit in that contention. As a general rule statutes of setoff are construed to allow the right of setoff of all mutual debts and demands between the parties, whether independent and unconnected with plaintiff's cause of action, or springing from, and connected with, the contractual transaction on which plaintiff's claim is based. 80 C.J.S. *Setoff and Counterclaim* § 35 (1953) and cases cited.

■■ ■ Section 1483.5 merely authorizes the defendant in his answer to plead by way of counterclaim in recoupment, "a claim or demand against the plaintiff arising out of or connected with the situation, occasion, transaction or contract or subject matter upon which the plaintiff's action is based, whether the claim or

demand of the defendant is liquidated or unliquidated.''
The defendant's setoff or counterclaim in the case that
we have here does not fall within that category. The
defendant had a right under Mississippi Code Anno-
tated section 1481 (1942), to plead and setoff against
the demand of the plaintiff ''any debt or demand''
which he may have had against the plaintiff. Whether
the plaintiff was indebted to the defendant, or had been
indebted to the defendant, as stated in the defendant's
answer and claim of setoff, was a question of fact to
be determined on the trial of the issue on its merits.

It is next argued on behalf of the appellee that
the appellant was estopped from pleading setoff on
the ground of res judicata; that Gerald owed Foster the
sum of $735 and was sued for that amount in the original
action; that Gerald could have and should have inter-
posed as a defense to that action whatever counterclaim
or setoff he had against Foster at that time, and having
failed to do so was barred of his right to rely thereon
as a defense to a subsequent action by the same plaintiff.

But this Court has held in several cases that a
matter is not res judicata simply because it might have
been, but was not, included in the adjudication of a case
disposed of, if in fact it was not presented by the plead-
ings or necessarily involved therein. Hardy v. O'Pry,
102 Miss. 197, 59 So. 73 (1912); Davis v. Davis, 65
Miss. 498 (1888); Hubbard v. Flynt, 58 Miss. 266 (1880).
In Bush v. City of Laurel, 234 Miss. 93, 105 So. 2d 562
(1958), the Court held that the mere fact that a claim
might have been propounded in a prior suit does not
make the judgment entered therein res judicata as to
such claim if in fact it was not embraced or involved
in it.

In 30A Am. Jur. Judgments section 386 (1958), it
is said: ''In the absence of any statutory declaration
on the matter the general rule is that a judgment in a
prior action in which a claim might have been but was

not asserted as a setoff, counterclaim, or cross action, does not conclude the defendant, and is no bar to a subsequent independent action based on the claim, or to the right to rely thereon as a defense to or as a counterclaim in a subsequent action * * *.'' See also Annot., 8 A.L.R. 694 (1920), and cases cited.

In the case of Roach v. Privett, 90 Ala. 391, 7 So. 808, 24 Am. St. Rep. 819 (1890), the Court held that a setoff may or may not be pleaded, at the election of the defendant; and if not pleaded, the right to sue upon it as an independent cause of action, or to rely upon it in defense to another action by the same plaintiff, is not affected or impaired by a judgment against the defendant. The Court in its opinion in that case said:

''Our opinion is, that the circuit court erred in excluding from the jury the evidence offered by the defendant in support of the setoff claimed by him against the judgment debt. This ruling appears to have proceeded on the theory that as the alleged counterclaims, or items of setoff, antedated the Tennessee judgment, and could have been pleaded in that action, the rendition of that judgment forecloses and precludes them. This view finds some support in some of our earlier cases: Crawford v. Simonton's Ex'rs., 7 Port. 110; but it is unsound in principle, and cannot be reconciled with later adjudications. The settled doctrine of this court now is, that a setoff may or may not be pleaded, at the election of the defendant, and that unless it is pleaded, the right to sue upon it as an independent cause of action, or to rely upon it in defense of another action by the same plaintiff, is in no wise affected or impaired by a judgment against the defendant: Wharton v. King, 69 Ala. 365; Weaver v. Brown, 87 Ala. 533. And this is in harmony with the ruling in other jurisdictions. Freeman on Judgments, secs. 277-280.''

In the case of Fiske v. Steele, 152 Mass. 260, 25 N.E. 291 (1890), the Court held that in an action on a judg-

ment founded on a note and an account, defendant may plead in setoff items which accrued previous to the commencement of the original suit, but which were not involved in such suit. The Court in its opinion in that case said:

"It has never, that we are aware of, been held that an independent cause of action, possessed by a defendant, and existing previous to a judgment obtained by a plaintiff, is barred thereby, even if the defendant might have pleaded it in setoff, unless it has been in fact so pleaded, and made the subject of adjudication. A setoff is an assertion of a counter-distinct and independent demand and cause of action, affording, to the extent to which it is sustained, a legal reason why the defendant should not be called upon to pay the demand sued; but, it is not a defense thereto."

In the case of Bailey v. Great Western Oil Co., 32 N.M. 478, 259 P. 614, 55 A.L.R. 467 (1927), the Court held that a counterclaim, being an independent cause of action, is not within the rule that a judgment is res judicata as to defenses which were or might have been made. (See 15 R.C.L. 972; 3 R.C.L. Supp. 512, 6 R.C.L. Supp. 940). The Court in its opinion in that case, reversing the judgment of the lower court, said:

"An action upon a judgment was at common law an action of debt. Black, Judgm. 2d ed. § 958.

"Appellee invokes the rule that a judgment is res adjudicata as to defenses which were, or might have been, interposed or litigated. But the counterclaim of the Code is not a defense within the meaning of that rule. It is an independent cause of action which the defendant may, but need not, interpose. Bliss, Code Pl. 3d ed. §368; Freeman, Judgm. 5th ed. §§ 675, 774, 786, 1075; Fiske v. Steele, 152 Mass. 260, 25 N.E. 291; Weaver v. Brown, 87 Ala. 533, 6 So. 354; Roach v. Privett, supra; Brower v. Nellis, 6 Ind. App. 323, 33 N.E. 672; Secor v. Siver, 165 Iowa, 673, 146 N.W. 845;

Dudley v. Stiles, 32 Wis. 371; Stillwell v. Hill, 87 Or. 112, 169 Pac. 1174; Bishop v. Bishop, 162 Ky. 769, 173 S.W. 130.

" * * *

"The judgment must therefore be reversed and the cause remanded, with direction to the district court to overrule the demurrer to the counterclaim, and after the joinder of issue thereon to proceed with the cause."

In 50 C.J.S. Judgments section 876 (1947), it is said: "If a setoff or counterclaim against a judgment is permissible in the jurisdiction in which an action on a foreign judgment is brought, usually a setoff or counterclaim may be interposed in such action, even though in the state where the judgment was rendered setoffs are not allowed in actions on judgments, although there is also authority to the contrary. The statute of the state wherein the action is brought controls as to what character of setoff, if any, may be pleaded."

■■ ■ It can be readily seen from the authorities cited above that the defendant in the case that we have here was not estopped on the ground of res judicata from pleading the items of debt which he had against the plaintiff as a setoff or counterclaim against the judgment debt sued on.

■■ ■ Finally, it is argued on behalf of the appellee that the appellant was estopped from pleading setoff on the ground of laches. But we think the doctrine of estoppel on the ground of laches is not applicable to the facts in this case. In pleading the above mentioned items of setoff against the debt sued on the appellant merely exercised a right conferred upon him by statute.

Mississippi Code Annotated section 747 (1942), entitled "Limitation of set-off," provides as follows: "All the provisions of this chapter shall apply to the case of any debt or demand on the contract, alleged by way of set-off on the part of a defendant; and the time of limitation of such debt or demand shall be computed

in like manner as if an action had been commenced therefor at the time when the plaintiff's action was commenced; and the fact that a set-off is barred shall not preclude the defendant from using it as such if he held it against the debt sued on before it was barred."

The defendant in this case held his several items of setoff against the debt sued on before they were barred by the statute of limitations, and the fact that the defendant's items of setoff may have been barred by the statute of limitation at the time the plea of setoff was filed did not preclude the appellant from using the items as a setoff against the debt sued on. Jones v. Brewer, 146 Miss. 142, 110 So. 115 (1926); Feld & Silverberg v. Coleman, 72 Miss. 545, 17 So. 378 (1895).

For the reasons stated above we think the county court erred in sustaining the motion of the appellee to strike the appellant's account of setoff and in awarding a money judgment against the appellant for the amount sued for. The judgment of the circuit court affirming the judgment of the county court in favor of the appellee will therefore be reversed and judgment will be entered here reversing the judgment of the county court and remanding the cause to the docket of the circuit court for a trial de novo on the issues presented by the pleadings.

Reversed and remanded.

*Ethridge, McElroy, Jones and Brady, JJ.,* concur.