272 So.2d 633 (1973)
Scotty R. ROSETTI, Administrator of Estate of Gordon M. Treuil, Defendant-Appellant,
v.
Gladys STEIN, Plaintiff-Appellee.
No. 46944.
Supreme Court of Mississippi.
January 22, 1973.
Floyd & Floyd, Gulfport, Butler, Snow, O'Mara, Stevens & Cannada, Roger C. Landrum, W. Scott Welch, III, Jackson, Bryan, Gordon, Nelson & Allen, Gulfport, for defendant-appellant.
Greaves & Terry, Roger T. Clark, Gulfport, for plaintiff-appellee.
PATTERSON, Justice:
On July 6, 1969, Gladys, Leslie and Mary Marguerite Stein, plaintiffs below, received personal injuries as the result of a car-truck collision on U.S. Highway 90 in Hancock County. The evidence reflects that John Edward Nelson was driving his truck in the eastbound lane of Highway 90 and either turned his truck into, or nearly into, the neutral lane in order to change his direction of travel when a Mustang automobile, also proceeding in an easterly direction, struck the right rear of his vehicle. The automobile then careened off the truck and crashed into the Roadview Restaurant wherein the plaintiffs were situated. As the result of the crash the driver of the automobile, Gordon Treuil, was killed and the Steins received various injuries.
*634 The plaintiffs each filed suits for damages against Nelson, the driver of the truck, and Scotty R. Rosetti, the administrator of the estate of Gordon M. Treuil, as co-defendants. These suits were consolidated for trial.
The trial resulted in a peremptory instruction being granted the co-defendant Nelson at the conclusion of the plaintiffs' cases. Each of the plaintiffs recovered a judgment against Scotty R. Rosetti, the administrator of the estate of Gordon M. Treuil. The judgment obtained by Mrs. Gladys Stein was set aside by the trial court due to the inadequacy of the award though liability was established against the estate. From the order granting a peremptory instruction to Nelson all of the Steins appeal. The administrator of the estate of Gordon M. Treuil appeals from the judgment setting the jury verdict in favor of Mrs. Gladys Stein aside due to the inadequacy of damages.

A.
On trial of the causes the plaintiffs called John Edward Nelson, co-defendant, as an adverse witness. The plaintiffs sought to question him concerning his version of the accident since he was the only eye witness to it and to introduce interrogatories theretofore directed to him and his response thereto. An objection was interposed by the co-defendant Rosetti to this testimony under the theory that it violated the provisions of Mississippi Code 1942 Annotated section 1690 (1956), the "dead man's statute." These objections were sustained, leaving little evidence, if any, indicative of negligence on the part of Nelson and as the result a peremptory instruction was granted to this defendant upon the conclusion of plaintiffs' testimony.
The appellants assign as error the action of the trial court in sustaining the objection to the testimony of Nelson and in directing a verdict for him.
Mississippi Code 1942 Annotated section 1690 (1956), prohibits a person from testifying to establish his own claim or defense against the estate of a deceased person which originated during the lifetime of the decedent. The law is settled that Section 1690 creates an exception to the general rule relating to the competency of a witness and since it is an exception, the rule must be strictly construed in favor of the witness's competency. Shepherd v. Johnston, 201 Miss. 99, 28 So.2d 661 (1947), and the numerous cases therein cited. In applying this rule we have continuously held that a witness will be incompetent and disqualified only when the claim is a direct one either for or against the estate of the deceased and not to indirect or consequential claims. Poole v. McCarty, 240 Miss. 341, 127 So.2d 398 (1961); Shepherd, supra; Security Mutual Ins. Co. v. Brunson, 176 Miss. 893, 170 So. 824 (1936).
The issue to be decided is whether the testimony of the co-defendant Nelson, including statements against interest made by him to others and the answers to the interrogatories, constitute a direct action against the estate of the deceased so as to be prohibited by the "dead man's statute." We conclude that Nelson, a co-defendant, does not have claim against the estate of Treuil nor could he be awarded any affirmative benefit merely upon his answer. Neither does the estate, as co-defendant, have a claim against Nelson nor could it be awarded any benefit merely upon its answer. These defendants are not adversaries to each other in this proceeding and any effect that Nelson's testimony might have had upon the estate would be indirect and consequential. The right of a defendant by way of counterclaim is limited by Mississippi Code 1942 Annotated section 1483.5 (1956), to claims against the plaintiffs and does not extend to a direct action against a co-defendant in the same proceeding. Gerald v. Foster, 251 Miss. 63, 168 So.2d 518 (1964). We are of the opinion the lower court erred in not permitting Nelson to testify as he was a competent witness.
*635 Since Nelson was not allowed to testify, we have no way of knowing, nor could the trial court know, whether this testimony would establish liability against him or exonerate him. The same is true for the exclusion of the deputy sheriff's testimony as to admissions made by Nelson. For this reason we are unable to determine if the lower court erred in directing the jury to find for Nelson, but are of the opinion that the point is now moot since the case must be remanded for the error in excluding the evidence mentioned above.

B.
The jury returned a verdict in favor of Mrs. Gladys Stein for $2700. This figure does not include medical expenses since such items were recovered by her husband. The award is limited to pain, suffering and disabilities resulting from the crash. The appellant contends for reversal that the award is not so inadequate as to require its being set aside. He contends that by giving consideration to all of the facts and circumstances of this particular case the granting of the motion for a new trial on the basis of inadequate damages constituted manifest error and was a clear abuse of judicial discretion on the part of the trial judge. He concedes that the action of a trial judge in granting a new trial based upon the excessiveness or inadequacy of a verdict will be upheld by this Court unless manifest error appears or unless this Court can say that the trial court abused its discretion, citing Long v. Sledge, 209 So.2d 814 (Miss. 1968).
A brief review of the record indicates that the plaintiff is 64 years of age and prior to the accident was in all respects of normal health for a woman of her years. At the time of the trial there was testimony that she has aged very much since the accident, is extremely nervous and walks with a slight limp. Additionally, the evidence indicates that she suffered much pain while waiting to be extricated from the restaurant, the exit to which was blocked by the automobile which had crashed into it and suffered greatly thereafter while awaiting treatment and being treated for a broken right leg. This treatment required surgery, including the insertion of a Lottes nail 12 inches in length, of medium size, in the bone of this extremity. It also included the surgical fastening of butterfly fragments of the bone with stainless wire, debriding the wound, as well as pain and suffering caused by several fractured ribs.
The evidence further reflects that it was necessary for this plaintiff to wear a cast upon her leg for several months and that the point of the Lottes nail protrudes into the flesh when the plaintiff assumes a kneeling position which will probably necessitate additional surgery in the future. In view of this testimony we clearly cannot state that the trial judge abused his discretion in granting a new trial based upon an inadequate award to this plaintiff for her pain, suffering and resulting disabilities. We therefore find no merit in this assignment of error.
The cause will be reversed and remanded for a new trial against John Edward Nelson on the appeals of Leslie and Mary Marguerite Stein. It is reversed and remanded for a new trial against John Edward Nelson on the appeal of Mrs. Gladys Stein and affirmed on the appeal of the Treuil estate as to the action of the trial court in setting aside the jury verdict as being inadequate and establishing liability against the estate.
Reversed in part and affirmed in part and remanded.
RODGERS, P.J., and SMITH, ROBERTSON and SUGG, JJ., concur.