437 So.2d 426 (1983)
Stuart G. DENMAN, Sr.
v.
Larry C. HARDY.
No. 53806.
Supreme Court of Mississippi.
September 14, 1983.
Rehearing Denied October 5, 1983.
*427 Wm. Cliff Heaton, Neblett, Bobo & Chapman, Shelby, for appellant.
John W. Whitten, Jr., Sumner, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
Stuart Denman sought an injunction and damages from his neighboring landowner, Larry Hardy for allegedly flooding his land by the construction of a levee and culvert near an outlet on the Tallahatchie River. From a denial of relief in the Chancery Court of Tallahatchie County, Denman appeals.
Assignments of error may be summarized as two: (1) that the chancellor erred in permitting two defense expert witnesses to testify when the defendant's responses to interrogatories were not adequate or supplemented and (2) that the verdict was contrary to the law and evidence. We affirm the trial court.

IA.
The question presented is whether sanctions should be imposed for failure to adequately respond to interrogatories in absence of a prior court order requiring response. Denman propounded interrogatories to Hardy pursuant to section 13-1-233, Miss. Code Ann. (1972). These questions were:

*428 (1) Identify each person whom you intend to call as an expert witness at the trial and for each expert so listed, state:
a) The subject matter on which the expert is expected to testify;
b) The substance of the facts and opinions to which each expert is expected to testify;
c) A summary of the grounds for each expert's opinions.
Hardy's response was:
A: At the present time the only expert whom I have contacted is Engineer Joseph F. Mooney, Jr., Clarksdale, Mississippi.
(a) Mr. Mooney is expected to testify that the gated pipe was of sufficient size to drain the area which it was designed to drain.
(b) Mr. Mooney has made such measurements and run such levels as were necessary to reach the opinion which he will give.
(c) Mr. Mooney has, as stated above, made measurements, run levels and will use those facts and figures as grounds for his opinion.
At trial the appellant objected to the introduction of Mooney's measurements and field work. The ultimate facts appeared in the answer to the interrogatory, but the detailed information was not disclosed. There was no written supplementation to this answer. The trial judge permitted the expert testimony stating that the complainant was not misled.[1]

1B.
The second discovery objection related to the testimony of a defense expert witness, Seymore Dulaney.
Defense counsel did verbally notify appellant that an additional expert witness would testify. Because of conflicts of the proposed witness, defense counsel changed witnesses three times and did not notify the appellant of the identity of the exact witness until the day before trial. Appellant's counsel was not able to locate the proposed witness to interview him.
Although the witness's name was verbally given to the appellant prior to his being offered as a witness, the substance of the facts, the witness's opinion and a summary of the grounds were not given. This witness was offered to mitigate damages if damages were awarded.
The trial court reserved ruling on the objection and permitted the witness to testify to determine if the appellant might suffer prejudice or surprise in the limited scope of his testimony. After hearing the testimony, the court overruled the objection and admitted the evidence.

1C.
A party is under a duty to supplement his response to a discovery request with respect to any question concerning "the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony." Miss. Code Ann. § 13-1-226(e) (Supp. 1982). Defendant had the duty to give a more detailed response with regard to Mooney's expected testimony. Also, the defendant had a clear duty to timely disclose Dulaney's identity.
The dispositive question here, though, is whether a prior order compelling discovery was necessary for a trial judge to properly impose such sanctions as the exclusion of testimony. Section 13-1-237 of the Miss. Code Ann. (Supp. 1982), addresses the failure of a party to adequately respond to interrogatories in two different contexts. Under subsection (b)(2), sanctions may be imposed if a party "fails to obey an order to provide or permit discovery." (Emphasis added). On the other hand, subsection (d) provides that the same kind of sanctions may be imposed against a party who has failed "to serve answers or objections to interrogatories." According to the leading *429 text on civil procedure,[2] this latter provision, which does not require a previous order compelling discovery before imposition of sanctions, may be employed only for a total failure to respond to interrogatories.
We also have recent case law which addresses the requirement of a prior order before imposing sanctions for discovery violations. In Ladner v. Ladner, 436 So.2d 1366 (Miss. 1983), the Court ruled that sanctions may be imposed for the failure to supplement even without a prior court order compelling discovery. Sanctions would be permitted in such a case because the discovering party would ordinarily have no way of knowing that a response should have been supplemented until he finds out at trial.
Our standards based upon the statutory and case law noted above, may be summarized as follows:
(1) If a party totally fails to respond to an interrogatory or his response is of absolutely no substance, subsection (d) of § 13-1-237 requires no prior order before imposing sanctions;
(2) If a party gives an incomplete or evasive answer to a discovery request, subsection (d) requires a prior order compelling discovery before sanctions may be imposed;
(3) If the discovering party would have had no way of determining that a response should have been supplemented, then, the court may impose sanctions under its inherent power even in the absence of a prior order. Ladner v. Ladner, supra.
In the instant case, there was an evasive response with regard to the Mooney testimony, but appellant was notified that measurements were made. Under § 13-1-237(b), the appellant should have sought an order compelling a more detailed response with regard to the Mooney expert testimony or seek a discovery deposition. Since the appellant failed to do so, a sanction was properly denied.
In contrast, there was a duty to supplement information about Dulaney. The trial judge made a determination of whether to impose a sanction after hearing the testimony. The admission of such testimony was error.[3] However, the scope of Dulaney's testimony was in mitigation of damages. Since no damages were awarded, Dulaney's testimony had no effect on the decision, and therefore cannot be the basis of a reversible error.

II.
The second assignment of error addresses the verdict of the chancellor as being manifestly wrong, contrary to the law and to the overwhelming weight of the evidence when viewed in light of the assertion that the two experts' testimony should have been excluded.
This assignment relates to the admissibility of the testimony previously addressed. We find no reversible error in admission of this testimony, and therefore, find no merit to this assignment. After a complete review, the record supports the chancellor's finding of fact and conclusions of laws.
We find no error.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, DAN M. LEE and ROBERTSON, JJ., concur.
HAWKINS and BOWLING, JJ., specially concur.
*430 HAWKINS, Justice, specially concurring:
I specially concur. The majority opinion in Ladner v. Ladner, 436 So.2d 1366 (1983), settled the discovery issue in this case, as well as all other cases in which a claim is made in this Court that there has been a violation of the discovery statutes or the rules of civil procedure.
BOWLING, J., joins this opinion.
NOTES
[1] A trial judge must have some discretion in judging whether the answers were sufficient; the entire case is not required to be contained in the answer. This case is factually distinguishable from Square D Company v. Edwards, 419 So.2d 1327 (Miss. 1982).
[2] The text states:

The provisions of Rule 37(d) with regard to interrogatories, do not apply "for anything less than a serious or total failure to respond to interrogatories." If a party wholly fails to respond to a set of interrogatories sanctions under this rule are appropriate. If he responds to the set, but does not answer some of the interrogatories contained in it, a motion under Rule 37(a) to compel answers to those interrogatories is the proper remedy. Subdivision (d) of the rule also is inapplicable if the party has served answers to interrogatories but the answers are thought to be incomplete or evasive. That situation is now covered by Rule 37(a)(3) and a motion to compel a further answer will lie. (Emphasis added) [8 Wright & Miller, Federal Practice & Procedure: Civil § 2291 (1970)].
[3] See Huff v. Polk, 408 So.2d 1368 (Miss. 1982); Clark v. Mississippi Power Company, 372 So.2d 1077 (Miss. 1979).