502 So.2d 1198 (1987)
Lela M. KERN, Administratrix of the Estate of Olivia P. Waller, Deceased and Lela M. Kern, Individually
v.
GULF COAST NURSING HOME OF MOSS POINT, INC.
No. 56734.
Supreme Court of Mississippi.
February 18, 1987.
Lowry M. Lomax, F. Gerald Maples, Moore, Maples & Lomax, Pascagoula, for appellants.
*1199 Thomas A. Bell, Silas W. McCharen, Daniel, Coker, Horton & Bell, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and ANDERSON, JJ.,
ANDERSON, Justice, for the Court:
Appellant brought suit in the Circuit Court of Jackson County for personal injuries and wrongful death and appeals here alleging certain discovery violations and inadequacy of the amount of damages awarded.
We find no such violation of the discovery rules, nor do we find grounds for holding the award inadequate. The ruling of the trial court is affirmed.
Mrs. Olivia P. Waller, the decedent, was admitted to Gulf Coast Nursing Home on March 10, 1982. A summary of the February 26, 1982, and March 6, 1982, evaluations by her attending physician Robert McBroom, described her condition as follows: Mrs. Waller has had three major cerebrovascular accidents (strokes) affecting both sides of her body  secondary to arteriosclerotic cardiovascular disease; is completely bedridden; can't move at all and can only move her eyes around; can't speak and can hardly swallow; going downhill and in the process of trying to die; has diet-controlled diabetes mellitus, is dehydrated; has essential hypertension; is on medication for bladder infection and nausea; rehabilitation at this point is nil.
On March 19, 1982, (nine days after admission), a nurse's assistant at the nursing home, attempted to give Mrs. Waller a whirlpool bath as part of her prescribed treatment. Mrs. Waller was taken to the whirlpool room in a rolling device similar to a wheelchair that was to be connected to a hydraulic lifting unit which would lift the patient and place her into the whirlpool. In connecting the seat to the lift, the aide apparently failed to properly secure the latches. As a result, while in the process of lifting Mrs. Waller, the seat became disconnected and Mrs. Waller, fell to the floor, striking her head and breaking her left hip. Mrs. Waller was immediately taken to Singing River Hospital where surgery was performed to replace the broken bone in her hip with a prosthetic device a metal ball with a long stem on it.
Mrs. Waller incurred medical expenses totalling approximately $8,000 as a result of her injury.
Mrs. Waller was released from Singing River Hospital on April 9, 1982, and readmitted to Gulf Coast Nursing Home.
On May 16, 1982, Mrs. Waller was again returned to Singing River Hospital where she was diagnosed as having pneumonia, sepsis, heart failure, cardiac arrhythmia, and severe hypotension. Mrs. Waller died there on May 17, 1982.
This suit was filed by the decedent's daughter individually and in her capacity as administratrix of the estate seeking a total of $4,000,000 in actual and punitive damages. The jury, after hearing testimony in the matter, returned a verdict finding that the decedent's injuries were not the proximate cause of her death and awarded $20,000 as actual and compensatory damages. Appellant now alleges error in the pre-trial discovery procedure and inadequacy in the amount of damages awarded.

I.

DID THE TRIAL COURT ERR IN PERMITTING THE TESTIMONY OF DEFENDANT'S OCCURENCE AND EXPERT WITNESSES OVER THE OBJECTION OF PLAINTIFF'S COUNSEL THAT THE NAMES OF THE OCCURRENCE AND EXPERT WITNESSES WERE NOT PROVIDED PRIOR TO TRIAL.
Appellant's original complaint was filed on August 16, 1983, alleging personal injuries and wrongful death as a result of the negligent and tortious conduct of the appellee resulting in decedent's fall. Appellant requested on behalf of the estate $100,000 actual and compensatory damages and $100,000 punitive damages; appellant individually requested $100,000 actual and *1200 compensatory damages and $100,000 punitive damages for wrongful death.
On June 13, 1984, appellant filed a motion to amend adding the charge that the appellee was grossly and culpably negligent in failing to adequately and properly hire and train personnel and that such resulted in the decedent's injuries and death. Total damages requested were $4,000,000. No order was entered on this motion.
On August 9, 1984, appellant was allowed to file a second amended complaint further adding an allegation that the quality of care the decedent received at the nursing home when she returned after her injury was substandard and insufficient and contributed to her death. Total damages requested were again $4 million.
Along with the original complaint appellant propounded interrogatories to the appellee requesting inter alia, names and addresses of (1) all witnesses to be called at trial; (2) all experts and (3) all persons who were witnesses to any of the material facts surrounding the lawsuit, including those with personal knowledge of the incident which caused the injuries to Mrs. Waller.
In response to the request for names of all witnesses, the appellee entered an objection. This Court has held that discovery may not be used to compel disclosure of trial witnesses, only occurrence witnesses. Ladner v. Ladner, 436 So.2d 1366 (Miss. 1983); Anchor Coatings v. Marine Industrial Insulation, Inc., 490 So.2d 1210 (Miss. 1986).
In response to the request for the names of experts, the appellee answered that it had none. Appellant alleges that because Margaret Spicer and Velda Graphenreed were nurses, they were considered expert witnesses and therefore should have been disclosed. We note that these witnesses were not retained or tendered as experts, but were full time hospital employees during the time in question and offered only fact testimony regarding hospital practice and procedures and the type of care given the decedent when she returned to the home after the accident. This Court has held that a full-time employee in a case such as this testifying on his personal knowledge rather than any expertise he possessed would not be considered an expert witness. See McDaniel v. Miss. Power & Light Co., 407 So.2d 112 (Miss. 1981).
The names of Thomas Fleming and two others were listed in appellee's answer to the request for occurrence witnesses. The appellant alleged error in appellee's failure to include the names of Spicer and Graphenreed and moved to exclude the testimony of these two witnesses along with Fleming. The trial court sustained the objection as to witnesses to be called on direct and allowed them to testify only in rebuttal.
The objection to Fleming was that his address was never supplied and appellant was never able to locate him prior to trial. Attorneys for appellee have asserted they had no knowledge of Fleming's whereabouts until they were given this information by Velda Graphenreed, another hospital employee and witness on the night before trial. This was corroborated by Graphenreed and Fleming himself stated that he had not been contacted by appellee prior to the night before trial. There is nothing to suggest that appellee acted in bad faith. The decision not to impose sanctions was discretionary with the judge and in the absence of abuse should not be disturbed. Ladner, supra.
Appellant cites Ladner, supra, and Denman v. Hardy, 437 So.2d 426 (Miss. 1983), to support the proposition that appellee had a duty to supplement its answer. If appellee had retained expert witnesses or had acquired further information relative to the accident inquired of, this would certainly be true. However, in this case the appellant amended the cause of action filed in the complaint, but did not amend or submit any additional interrogatories to the appellee. The interrogatories given requested the names and addresses of occurrence witnesses having reference to the decedent's injury in the whirlpool room. Appellant did not make a subsequent request *1201 for the names of occurrence witnesses in reference to the later charges of substandard care after the fall. The record shows that the testimony of each of the witnesses was strictly limited to hospital procedures and care given the decedent subsequent to her return after the accident to rebut charges of substandard care.
In Maryland Casualty Co. v. City of Jackson, 493 So.2d 955 (Miss. 1986), the name of an occurrence witness was not disclosed. Nevertheless, the witness was allowed to testify regarding a collateral matter. The Court stated: "Nothing in the discovery request required disclosure of the names of witnesses familiar with the City of Jackson's procedures for handling service calls. Therefore, Johnson was competent as a witness on that subject." Likewise, in the case at bar nothing in the discovery request required disclosure of witnesses familiar with hospital procedures and post-accident care of the patient.
Appellant did not request witnesses to this "occurrence" and appellee was under no duty to provide it. This assignment  especially in light of the fact that the testimony of these witnesses were admitted only in rebuttal  is without merit.

II.

DID THE TRIAL COURT ERR IN NOT GRANTING PLAINTIFF'S MOTION FOR NEW TRIAL OR MOTION FOR AN ADDITUR, INASMUCH AS A JURY VERDICT IN THE AMOUNT OF $20,000 AS DAMAGES WAS GROSSLY INADEQUATE AND SHOULD HAVE SHOCKED THE CONSCIENCE OF THE COURT.
This Court has repeatedly held that whether or not a jury verdict evinces such bias, passion or prejudice on the jury's part as to shock the conscience is the test to be applied in determining the excessiveness or inadequacy of a verdict. James Reeves Contractor, Inc. v. Chain, 343 So.2d 1229 (Miss. 1977); Walton v. Scott, 365 So.2d 630 (Miss. 1978).
Regarding additur and remittiturs, this Court stated in City of Jackson v. Locklar, 431 So.2d 475, 481 (Miss. 1983):
[W]e will not vacate or reduce a damage award unless it is so out of line as to shock the conscience of the Court.
... The question is not what we would have done had we been sitting as the jury, but whether, considering the evidence in the light most favorable to the plaintiff, together with all reasonable inferences which may be drawn therefrom, we can say that no reasonable jury could, on these facts have concluded that plaintiff's damages were in the amount of $27,000.
Appellant argues that because of the "grueling" surgery and the extensive pain suffered by Mrs. Waller, the award was grossly inadequate and shocking. The appellant relies almost entirely on Rosetti v. Stein, 272 So.2d 633 (Miss. 1973), in support of its position. In that case this Court set aside as inadequate a $2,700 award to an injured plaintiff. This case is, however, distinguished from the case at bar in that the Rosetti plaintiff was 64 years of age prior to the accident and in normal health. The plaintiff was seriously injured and had to undergo extensive surgery during which nails and other prosthetic devices were implanted. She also required future surgery and had some permanent disabilities.
Evidence indicates that the decedent in the case sub judice did experience pain and discomfort and incurred medical bills totalling approximately $8,000. However, her condition prior to the injury was debilitated with chances of rehabilitation being nil. She was already bedridden, partially paralyzed and suffering from several serious maladies at the time of the injury.
Given the totality of the facts and circumstances of this particular case, the Court finds that the verdict was not so low as to shock the conscience of the Court.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON and GRIFFIN, JJ., concur.
HAWKINS, P.J., and SULLIVAN, J., specially concur.
*1202 HAWKINS, Presiding Justice, specially concurring:
Under the majority opinion in this case we again cut the very heart out of discovery rules, namely: the duty, when request has been properly made to do so, to at some meaningful time prior to trial, furnish the opposing side with the name and address of every witness you propose to offer at trial. Discovery rules were to prevent trial by ambush. To deny a party the right to know absolutely at some meaningful time before trial the names and addresses of all witnesses the opposing side proposes to call in its case-in-chief is an insult to this principle.
However, I had my say in Ladner v. Ladner, 436 So.2d 1366 (Miss. 1983), when this Court emasculated this right; and, as the majority notes we have at least twice since given our blessings to such evisceration of discovery. Anchor Coatings v. Marine Industrial Insulation, Inc., 490 So.2d 1210 (Miss. 1986); Maryland Casualty Co. v. City of Jackson, 493 So.2d 955 (Miss. 1986). Again we leave poor old discovery hanging and twisting in the wind.
SULLIVAN, J., joins this opinion.