385 So.2d 627 (1980)
James L. BARRETT and Ginger Bass Barrett
v.
STATE HIGHWAY COMMISSION OF Mississippi.
No. 51977.
Supreme Court of Mississippi.
July 9, 1980.
Alfred Lee Felder, McComb, for appellants.
Statham, Watkins & Mitchell, William F. Watkins, Thomas W. Brock, Magnolia, for appellee.
Before PATTERSON, C.J., and SUGG and COFER, JJ.
PATTERSON, Chief Justice, for the Court.
In the Pike County Special Court of Eminent Domain, the State Highway Commission condemned property owned by James L. Barrett and Ginger Bass Barrett; the jury found $6,000 to be just compensation for impairment of value resulting from the *628 relocation of Mississippi State Highway No. 44. The Barretts appeal, arguing (1) that the trial court erred in refusing to extend the Mississippi discovery statutes, MCA §§ 13-1-201 through 13-1-271 (1972), to this eminent domain proceeding, and (2) erred in refusing to permit a court-supervised jury view of the property. We reverse and remand for a new trial.
The Barretts' first assignment of error presents a question of first impression in this State: Do the provisions of the Mississippi Code relating to discovery in civil proceedings apply to the special courts of eminent domain? In Jackson Redevelopment Authority v. King, Inc., 364 So.2d 1104, 1111 (Miss. 1978), we did not reach this question, believing it to be moot. To answer it, we must determine the legislative intent underlying MCA § 13-1-201 (Supp. 1979), which states that the discovery statutes "apply to civil proceedings in the circuit, chancery and county courts of this state."
A creature of the legislature, see MCA §§ 11-27-1 through 11-27-91 (1972), the special court of eminent domain now performs functions once allocated to the justices of the peace. While the court is "special" in that it utilizes some procedures peculiarly adapted to actions to determine just compensation for public taking of private property, see Mississippi State Highway Comm. v. First Methodist Church of Biloxi, 323 So.2d 92 (Miss. 1975), its powers clearly flow from a particularization of the jurisdiction conferred upon the county and circuit courts of this state. As MCA § 11-27-3 (1972) states in part:
"The original powers and jurisdiction [of the special court of eminent domain] shall be ... fixed in the county court [in counties having a county court, and in counties not having a county court] . . the original powers and jurisdiction shall be ... fixed in the circuit court ..., which ... powers and jurisdiction may be exercised in full either in term time or vacation, or both." (Emphasis supplied).
The jurisdictional derivation of this "special" court, we believe, places it within the purview of MCA § 13-1-201, thus extending the availability of the discovery statutes to proceedings in it, as well as in other civil proceedings in the county and circuit courts. Indeed, the appellee offers no plausible reason why this construction would not serve the salutary legislative aim of promoting the efficient administration of justice in its truth-seeking process.
We are met nevertheless with the appellee's argument that the trial court's suppression of the Barretts' interrogatories and other attempted discovery devices constituted harmless error, if it were error at all. See Mississippi Supreme Court Rule 11. We cannot agree that the erroneous denial of discovery in this case produced no "miscarriage of justice." The highway commission apparently had developed extensive information concerning the impact on drainage which the construction would have. It had prepared blueprints, for example, and the Barretts had none of this information available for examination in advance of trial because of the trial court's denial of discovery and later restrictive ruling on their motion for a subpoena duces tecum. It is true that the Barretts presented some slides depicting the property and cross-examined the expert witnesses proffered by the commission, but the record leaves the distinct impression that pretrial access to information held by the commission would have been helpful to the landowners in preparing their case.
Because the merit of the first assignment of error requires reversal, we need not decide whether the trial judge in this case abused his discretion by not granting a jury view. MCA § 11-27-19 (1972). We would note, however, that it is ordinarily wise to afford the property owner a jury view in eminent domain cases, and that inconvenience alone must be regarded as an insubstantial reason for refusing a view.
REVERSED AND REMANDED.
*629 SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.