508 So.2d 1099 (1987)
STATE HIGHWAY COMMISSION OF MISSISSIPPI
v.
Gladys Cooley HAVARD and David E. Havard.
No. 56512.
Supreme Court of Mississippi.
May 27, 1987.
*1100 Darryl A. Hurt, Hurt & Hurt, Lucedale, for appellant.
Michael V. Ratliff, Ingram, Matthews & Stroud, Hattiesburg, for appellees.
Before WALKER, C.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This is a highway right-of-way eminent domain case. The condemning authority appeals and presents issues regarding the measure of compensation due upon the taking, the scope of cross-examination and the alleged excessiveness of the jury's award. Also presented is a thorny pre-trial discovery point. For the reasons stated below, we affirm.

II.
David E. Havard and Gladys Cooley Havard (sometimes "landowners"), husband and wife, live approximately six miles east of Lucedale in George County, Mississippi. Since 1959 they have made their home on a 1.43 acre tract of land along U.S. Highway No. 98. The Mississippi State Highway Commission (MSHC) has determined that Highway 98 should be four-laned, a decision no doubt made in the public interest. To accomplish this end, however, MSHC must take much of the Havards' front yard. Specifically, MSHC has determined to condemn .89 acres of the Havards' property upon which and across which the new lanes of Highway 98 will be placed. After the construction of the two new lanes, the Havard house will be approximately 35 feet from the highway right-of-way and approximately 130 feet from the edge of the pavement.
MSHC commenced this eminent domain proceeding in the Circuit Court of George County, Mississippi, on June 25, 1984. *1101 Miss. Code Ann. §§ 11-27-5, et seq. (1972). The matter was called for trial on December 7, 1984.
At trial Jerry Wallace, expert appraiser for the Highway Commission, offered his opinion that the highest and best use of the property was rural residential; he would award a total compensation of $3,650.00, of which sum $975.00 represented damage to the remainder.
Appraiser for Appellees Havard, John Guthrie, who also classified the property as rural residential, opined that the total damages owed to the Havards should be $13,850.00. Mr. and Mrs. Havard, both elderly, testified that they felt compensation should be $29,000.00 or $30,000.00 because the property in question was their home and they had no way to relocate.
After hearing the evidence and viewing the premises, the jury returned a verdict and assessed compensation due the Havards by reason of the taking at the sum of $15,000.00.
MSHC thereafter moved for a new trial on the issue of damages or, in the alternative, for a remittitur, which motion was overruled by the Circuit Court on January 4, 1985. Still contending that the jury's damage award was substantially excessive, MSHC now appeals to this Court.

III.
MSHC first argues that the Circuit Court erred in allowing landowners' counsel to cross-examine MSHC's appraisal witness with regard to the effect of increased noise and increased proximity of their house to the highway arguably to result from the taking. Specifically, MSHC argues that noise and increased proximity were treated by landowners as separate elements of damage in violation of the before and after rule.
We consider this assignment of error in the context of two familiar rules: the components of compensation due as the result of a partial taking and our evidentiary rules regarding the scope of cross-examination.
First, due compensation has two familiar components: the fair market value of the property taken and the damage, if any, to the remainder. Put another way, when a part of a larger tract is taken, the property owner is due compensation equal to the difference between the fair market value of the whole tract immediately prior to the taking and the fair market value of the remaining tract immediately after the taking. See, e.g., Mississippi State Highway Commission v. Franklin County Timber Co. Inc., 488 So.2d 782, 785 (Miss. 1986); Muse v. Mississippi State Highway Commission, 233 Miss. 694, 718, 103 So.2d 839, 849 (1958). Items such as noise attributable to increased traffic and the increased proximity of the highway to a residence may not form distinct elements of damage. The same is true of the fact of increased proximity to the highway generally. Such matters may be considered only insofar as they impair the fair market value of the property remaining after the taking. See, e.g., Trustees of Wade Baptist Church v. Mississippi State Highway Commission, 469 So.2d 1241, 1244-45 (Miss. 1985); Mississippi State Highway Commission v. Hall, 252 Miss. 863, 871-75, 174 So.2d 488, 492 (Miss. 1965); Mississippi State Highway Commission v. Colonial Inn, Inc., 246 Miss. 422, 431-32, 149 So.2d 851, 855 (1963). The before and after rule "swallows and absorbs" all specific elements of damages. Mississippi State Highway Commission v. Basil Blackwell, et al., 350 So.2d 1325, 1329 (Miss. 1977); Mississippi State Highway Commission v. Hall, 252 Miss. 863, 874, 174 So.2d 488, 492 (1965).
None of this means that witnesses may not be questioned regarding the specifics of the impact of the taking upon the value of the property. Indeed, the fair market value of the remainder of the property following the taking is as a matter of common sense a product of the influence that numerous specifics respecting the taking may have in the market place. Accordingly, witnesses may testify concerning any specific quality, item or change in the property or its attributes, so long as this is ultimately related to the value of the property *1102 remaining after the taking. Trustees of Wade Baptist Church v. Mississippi State Highway Commission, 469 So.2d at 1245; Mississippi State Highway Commission v. Hall, 252 Miss. at 874-75, 174 So.2d at 492; Wheeler v. Mississippi State Highway Commission, 212 Miss. 606, 55 So.2d 225.
Parenthetically, we consider that a combined reading of Instruction Nos. P-5[1] and D-2[2] more than adequately explain to the jury the before and after rule. Conversely, there is no instruction given the jury which might remotely be taken to single out noise, proximity, or any other specific element of damage.
Beyond these matters, it is important that the said-to-be offending comments and questions arose in the context of landowners' counsel's cross-examination of MSHC's valuation expert, Jerry Wallace. Wallace had given his opinion that the highest and best use of the property was rural residential and that the total compensation due was $3,650.00 of which $975.00 represented damage to the remainder after the taking. In cross-examination, landowners' counsel sought to determine what matters Wallace had considered and what he had not considered in forming his opinion. As in all cases, the latitude allowed counsel in cross-examination in this state is quite wide. Any matter relevant may be probed. See, e.g., Miskelley v. State, 480 So.2d 1104, 1112 (Miss. 1985); Fishboats, Inc. v. Welzbacher, 413 So.2d 710, 719 (Miss. 1982); Saxon v. Harvey, 190 So.2d 901, 907 (Miss. 1966). Considering the residential nature and use of the property, the question of whether increased noise and increased proximity to the highway might adversely affect the value of the property remaining after the taking were relevant. The Circuit Court was well within its authority in refusing to interfere with this cross-examination.[3]
The assignment of error is denied.

IV.
MSHC next assigns as error the Circuit Court's overruling of its objection to Gladys Cooley Havard's testimony of inconvenience as a result of the taking. MSHC alleges that Mrs. Havard sought to obtain a separate item of damages as a result of her alleged problems in getting her car in and out of her property. The Commission refers to her answer to counsel's question, "What about after the Highway Department takes your property about getting a car in and out of there?" Mrs. Havard answered: "Well, it would be like it is now I guess. We would just have to go on somebody else's property to get out."
*1103 MSHC relies upon Smith v. Mississippi State Highway Commission, 423 So.2d 808 (Miss. 1982) and Mississippi State Highway Commission v. Hurst, 349 So.2d 545 (Miss. 1977). We find these cases wholly consistent with what has been said in Section III above. Indeed, the analysis there presented is sufficient to dispose of this issue. Whether following the taking it may have become more difficult for the occupant of the property to maneuver an automobile in and out is certainly a matter that may affect the fair market value of the property remaining after the taking. The Circuit Court correctly overruled MSHC's objection. The assignment of error is denied.

V.
MSHC next assigns as error the Circuit Court's refusal to sustain its objections to the testimony of landowners' expert, John Guthrie, regarding five comparable sales which, says MSHC, were not disclosed in pre-trial discovery.
Understanding the procedural context in which the point has arisen is crucial. On July 26, 1984, MSHC filed its first set of interrogatories propounded to the Havards. Interrogatory No. 3 reads as follows:
Please give the name and address of each appraiser, contractor, expert witness and/or value witness that you intend to call upon a hearing of this cause and state in detail the substance of each testimony including the value each shall place on the property in question and comparable sales relied upon by the value witnesses and/or appraiser that you intend to call. [Emphasis mine]
To Interrogatory No. 3 the Havards responded as follows:
John Guthrie, Wiggins, Mississippi, Mr. Guthrie will testify that the highest and best value of the property in question is rural residential and that the value of the property taken and the damage to the remainder is $14,200.00. Mr. Guthrie will base that opinion upon a series of comparable sales for approximately the past eight (8) years.
MSHC made no further requests for the specifics of landowners' comparables, nor did MSHC, following receipt of this answer, move to compel a further or more complete answer. See Rule 37(a), Miss.R. Civ.P.
At trial landowners called Guthrie as an expert witness. On direct examination counsel sought to elicit from him testimony regarding the comparable sales he had relied upon in forming his opinion. Over MSHC's timely objection, the testimony was allowed. MSHC now says the Circuit Court's ruling was erroneous.
The Mississippi Rules of Civil Procedure, and particularly the discovery provisions thereof, govern the conduct of eminent domain proceedings, except where there may be found a procedural statute to the contrary. See Rule 81(a)(7), Miss.R. Civ.P. and Barrett v. State Highway Commission, 385 So.2d 627 (Miss. 1980). We begin with Rule 26(b)(4)(A)(i), which reads as follows:
A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
MSHC argues that the Havards were obligated to furnish the comparable sales data by virtue of this rule and Interrogatory No. 3. MSHC further claims that if the Havards did not have access to the comparable sales on November 15, 1984, they had a duty to supplement their answers. MSHC correctly points out that a party must not only supplement interrogatories to reveal the identity of expert witnesses but must also supplement interrogatories to reveal the substance of expert testimony if not stated originally in answer to interrogatories. Jones v. Hatchett, 504 So.2d 198, 201-02 (Miss. 1987); Brown v. McQuinn, 501 So.2d 1093, 1097 (Miss. 1986); Square D Co. v. Edwards, 419 So.2d 1327, 1329 (Miss. 1982); Huff v. Polk, 408 *1104 So.2d 1368 (Miss. 1982). See also Harris v. General Host Corporation, 503 So.2d 795 (Miss. 1986).
There can be no doubt that comparable sales to be used by either party in an eminent domain proceeding are properly subjects of discovery  provided the rules on discovery are correctly employed. See, e.g., State of New Jersey, By The Commissioner of Transportation v. Siris, 191 N.J. Super. 261, 466 A.2d 96, (N.J. 1983); Ex Parte Shepperd, 513 S.W.2d 813, 817 (Tex. 1974); State Ex Rel. Dept. of Transportation v. Harvey, 680 S.W.2d 792 (Tenn. 1984); South Carolina State Highway Dept. v. Booker, 260 S.C. 245, 195 S.E.2d 615, 622 (1973).
It is highly significant  indeed, outcome determinative  that MSHC sought to proceed under the rule for discovery regarding expert witnesses, Rule 26(b)(4)(A)(i). Discovery there is more limited than under other rules. The Havards' obligation was to disclose a "summary of the grounds" of Guthrie's opinion. Their answer was "Mr. Guthrie will base that opinion upon a series of comparable sales for approximately the past eight (8) years." Our question becomes whether this response was no answer at all, in which event our case law declares Guthrie should have been prohibited from testifying regarding the comparables, see Jones v. Hatchett, 504 So.2d 198, 201-02 (Miss. 1987), or, whether the answer was in sufficient compliance with the Havards' obligation under Rule 26(b)(4)(A)(i) and 33 so that MSHC was required to act affirmatively if it wanted additional discovery on the point.
On balance we consider that the answer given by the Havards is a "summary of the grounds" for Guthrie's opinion, albeit a barebones one. The scheme of the rules require that MSHC through some means give the Havards notice that it desires additional information. One such effort could have been a motion to compel under Rule 37(a), charging that the answer was incomplete. Rule 26(b)(4)(A)(ii) authorizes the court to order further discovery of expert witnesses and the grounds for their opinion "by other means." Brown v. McQuinn, 501 So.2d 1093, 1097 (Miss. 1986). Beyond this, leaving the experts aside, MSHC could have served the Havards a new interrogatory asking an itemization of all comparable sales the Havards intended to rely on at trial. MSHC did none of these things. It gave the Havards no notice that it considered their answer to Interrogatory No. 3 inadequate.[4]
This matter, in the end, is controlled by Denman v. Hardy, 437 So.2d 426 (Miss. 1983). Denman considers the question of whether a prior order compelling discovery is necessary for a trial judge to properly impose sanctions such as the exclusion of testimony. Where the answer may at worst be held "evasive," the discoverying party must seek and obtain an order compelling a more detailed response as a precondition of obtaining Rule 37(b) sanctions  one of which is preclusive of use of non-disclosed evidence. 437 So.2d at 429. In the present context, it would require a violation of such an order compelling further answers before the Circuit Court would have had authority to sustain MSHC's objection.
Because MSHC did not request an order compelling discovery when the Havards gave responses it deemed unsatisfactory, Denman applies and requires affirmance. The assignment of error is denied.

VI.
Finally, MSHC complains that the taking is not worth $15,000.00 nor is its value remotely near that figure. The argument is made against the backdrop of the familiar rule that eminent domain awards may not be so grossly excessive as to evince bias, passion or prejudice; it must be based on competent facts, not on conjecture, supposition, or mere possibilities. Mississippi Power Co. v. Walters, 204 So.2d 471, 475 (Miss. 1967); Mississippi State Highway Commission v. Hall, 252 *1105 Miss. at 879, 174 So.2d at 495. MSHC alleges that the record is replete with the suggestion that the Havards should be compensated for inconvenience and noise level with no evidence that these factors will affect fair market value. Further, MSHC correctly points out that the Havard home is in a state of disrepair; this fact is undisputed. MSHC contends that no reasonable man in an impartial search for truth could have found damages to the Havards in the amount of $15,000.00.
Here MSHC runs headlong into familiar limitations upon our scope of review. As in the case of any other jury determination of damages, we are not at liberty to order a new trial unless the verdict is so at variance with the evidence as to shock the conscience of the court. Except where the verdict is grossly excessive and evinces bias, passion and prejudice by the jury, we have no authority to require the prevailing party to submit to a second adjudication. This rule applies in eminent domain cases as in others. See, e.g., Mississippi State Highway Commission v. Franklin County Timber Co., Inc., 488 So.2d 782, 787 (Miss. 1986); Trustees of Wade Baptist Church v. Mississippi State Highway Commission, 469 So.2d 1241, 1245 (Miss. 1985); Mississippi State Highway Commission v. Baker, 241 Miss. 738, 133 So.2d 277, 278-79 (1961); Mississippi State Highway Commission v. Ellzey, 240 Miss. 689, 128 So.2d 561, 562 (1961).
We are particularly loathe to disturb a jury's eminent domain award where, as here, the jury has personally viewed the premises. Ellis v. Mississippi State Highway Commission, 487 So.2d 1339, 1342 (Miss. 1986); Mississippi State Highway Commission v. Terry, 288 So.2d 465, 466 (Miss. 1974); Mississippi State Highway Commission v. Turnipseed, 236 Miss. 764, 766-67, 111 So.2d 925, 926 (1959). We have gone so far as to suggest that, where the jury has viewed the property being taken, any substantial evidence in the record supporting the jury's damage assessment will preclude reversal in this Court. Mississippi State Highway Commission v. Franklin County Timber Co., Inc., 488 So.2d at 787; City of Jackson v. Landrum, 217 Miss. 10, 63 So.2d 391 (1953).
These premises before us, we find that the Havards adduced evidence from John Guthrie, a licensed real estate appraiser with well over twenty years experience, to the effect that the compensation due them was $13,850.00. Moreover, Gladys and David Havard testified that the compensation should be $29,000.00 or $30,000.00.[5] Suffice it to say that we find the verdict returned by the jury within the evidence and beyond our authority to disturb.
The assignment of error is denied. Moreover, we find no further points assigned by MSHC as error requiring comment or possessing merit.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] Instruction No. P-5 reads as follows:

The Court instructs the jury that market value means the fair value of the property as between a willing purchaser and a willing seller in an open market, neither under compulsion to buy or sell, and not what the property might bring or should bring at some future time. The Court instructs the jury that the Defendants are entitled to recovery damages in this cause and it devolves on you honestly and impartially to determine the sum thereof, according to the evidence adduced on the trial, the weight and credibility of which you are the sole judges. The Defendants are entitled to just compensation not only for the value of the property to be actually taken as specified in the application but also for damages which may result as a consequence of the taking; and you are not to deduct therefrom anything on account of the supposed benefits incident to the public use for which the application is made.
[2] Instruction No. D-3 reads as follows:

The Court instructs the jury that the Defendants are entitled to recover the value of their property being actually taken by the Mississippi State Highway Commission; and in addition to this amount, they are entitled to recover damages, if any, to the remainder of their property not being taken; and that in determining the amount of such compensation and damages, if any, you are instructed to find from a preponderance of the evidence, the difference between the fair market value of the whole tract of land out of which the right-of-way is taken immediately before the taking and fair market value of that part remaining immediately after the taking, without deducting therefrom anything on account of supposed benefits, if any, incident to the public for which the application is made.
[3] This case was tried in December of 1984. We note parenthetically that Rule 611(b), Miss.R. Ev., effective January 1, 1986, reaffirms this Court's adherence to the "wide open cross-examination" rule.
[4] MSHC's October 25, 1984 motion to compel is of no effect in the present context. That motion was filed before the Havards filed any answers to the interrogatories. The sort of motion contemplated by the rules is one which identifies as inadequate the response given.
[5] This Court has on many occasions held that a landowner may testify as to the before and after value of his land. Miss. State Highway Comm. v. Pepper, 250 Miss. 755, 760, 168 So.2d 307, 308 (1964); Miss. State Highway Comm. v. Ladner, 243 Miss. 278, 284, 137 So.2d 781, 783 (1962); Miss. State Highway Comm. v. Fleming, 242 Miss. 402, 406, 135 So.2d 821, 822, (1962); Miss. State Highway Comm. v. Strong, 240 Miss. 756, 766, 129 So.2d 349, 352 (1961); see also Mississippi State Highway Commission v. Franklin County Timber Co., Inc., 488 So.2d 782, 786 (Miss. 1986).