¶ 34. The majority writes that the imposition of Rule 37(b) against the plaintiff was too harsh under the facts of this case, thus, a clear abuse of discretion by the trial court. The plaintiff's initial response to defendant's interrogatories was its answer. No other response to defendant's interrogatories was served on defendants prior to the supplemental response filed on the second day of trial, after plaintiff's witness, James Stewart, had not been allowed to testify as an expert.
¶ 35. It is my view that Miss. R. Civ. P. 5 requires that discovery responses be filed at a minimum, prior to trial commencing. The answer that was filed was of little substance. In fact, other than the name of the expert and a general summary of supposed testimony, the answer was absolutely of no substance or value whatsoever. The answer failed to include any monetary amount alleged as damages, nor was there any method stated as to how any damages would be arrived at, except "personal observation." As a minimum, a monetary figure of damages should have been included in the answer. Any reliance upon StateHighway Commission of Mississippi v. Havard, 508 So.2d 1099
(Miss. 1987), is misplaced. In Havard, the expert, in fact did testify that the "[h]ighest and best value of the property in question is rural, residential and that the value of the property taken and the damage to the remainder is $14,200." Id. at 1103. Therefore, Havard is distinguished from the case at bar. Here, however, no basis of liability or causation was given. To say that no specifics were provided would indeed be an understatement. See Denman v. Hardy, 437 So.2d 426, 429 (Miss. 1983).
¶ 36. Caracci's supplemental response, the subject of the present controversy, was filed on the second day of the trial, after plaintiff's supposed expert, Stewart, had previously appeared before the jury on the preceding day of trial. More importantly, the supplemental response was not under oath. The trial court, in prohibiting any testimony from Stewart as an expert, ruled that the filing of the supplemental response was too late and that the witness Stewart had already testified. However, Stewart was allowed to testify as to his personal observations.
¶ 37. Caracci never requested a mistrial, nor sought a continuance in order to file a proper expert response, under oath, and with specific details stated therein. Additionally, Caracci never proffered proof so that this Court could know exactly what the offer of proof would have been, had such been allowed into evidence, in order that this Court could properly determine whether there was indeed prejudice due to the trial court's refusal to allow the expert testimony. "A litigant is entitled to make a tender of proof to enable the trial court to exercise its discretion and to make a record that can be reviewed on appeal." Hopkins v. Youth Court of Issaquena County,227 So.2d 282, 285 (Miss. 1969). In Wirtz v. Switzer,586 So.2d 775, 784 (Miss. 1991), the Court noted that even where a trial court has erroneously excluded evidence, a party who wishes to preserve that issue must make a proffer, "[b]efore we will consider the matter on appeal." Id. See also, Harris v. BuxtonT.V., Inc., 460 So.2d 828, 833 (Miss. 1984).
¶ 38. Returning to the case at bar, the witness was present in the courtroom and clearly available to proffer testimony, had the *Page 560 
plaintiff so elected. Nor was the plaintiff's own testimony ever given as to the diminution in value of her property due to the timber harvesting operation conducted by International Paper.
¶ 39. Additionally, Caracci failed to testify regarding any efforts to restore her property to its former condition. Plaintiff's bulldozer operator, Garth Pope, was allowed to respond to plaintiff's question of how much it would cost to remove the sedimentation from her pond, but Pope stated that he had no knowledge of that. Thus, at the conclusion of plaintiff's case, there was absolutely no proof of damages caused by International Paper. There was no proof of fair market value nor any decrease in that value as a result of International Paper's actions. The trial judge's opinion clearly reflects that had plaintiff properly offered proof regarding damages, he would have allowed such testimony.
¶ 40. Finally, and more importantly, the plaintiff also objected to the defendants experts for the identical reasons defendants had voiced their objections to the plaintiff's experts. The trial court imposed the identical ruling, applied the sanction, and did not allow defense experts to testify. This even handed ruling throws a completely different light on plaintiff's alleged egregious and prejudicial errors supposedly committed by the trial court. We should be hard pressed to find that under these facts, the learned trial judge abused his discretion. I would affirm the lower court, and therefore, I respectfully dissent.