DICKINSON, Presiding Justice,
dissenting:
¶33. The majority affirms the trial court’s dismissal of Manning’s lawsuit because
Manning’s conduct resulted in a clear record of delay. Not only did Manning .... fail to take any action in her case for two years after filing suit, she failed to provide an address where she could receive pleadings.
¶ 34. The majority’s concerns with this case are not altogether unreasonable. While I can not deny that Manning’s behavior leading up to her filing this lawsuit, and beyond, was less than admirable, I am not prepared to agree that the sanction of dismissal of her lawsuit, with prejudice, was in accord with our rules or precedent. So I must respectfully dissent.
¶ 35. Two primary reasons compel this dissent. First, according to many of his statements at the hearing on the defendant’s motion to dismiss, the trial judge clearly based his dismissal on his erroneous belief that “Mrs. Manning, through her inactions or her inability to give a valid address, she literally just stopped the litigation process for two years.” In fact, Manning did no such thing. She provided an address. And according to Rule 5(b)(1) of the Mississippi Rules of Civil Procedure, *120 to serve discovery requests upon Manning, the defendant had to do no more than to mail them to her at her “last known address, or if no address is known, by leaving [them] with the clerk of the court.... ” [25]
¶ 36. The defendant — who clearly and understandably was frustrated — states that it did so and, indeed, the record bears this out. But if our rules and precedent are to be followed, the defendant — after receiving no response — should have filed a motion to compel.[26] Instead, the defendant chose to file a motion to dismiss. Our precedent and rules clearly and unambiguously require a motion to compel as a prerequisite to a sanction of dismissal for failure to respond to discovery.[27]
¶ 37. The majority’s disagreement with me seems to stem from its view that a motion to compel should be required only for “improper or incomplete” discovery responses, and not for a failure to respond. This position is flawed for two reasons.
¶ 38. First, the trial court’s sanction of dismissal was not based so much on Manning’s failure to respond to discovery, as on her alleged failure to “provide an address where she could receive pleadings.” But she did, in fact, provide an address that' complied in every respect with Rule 5(b)(1).
¶ 39. But more importantly, the majority’s views are in complete disagreement with this Court’s holding in Beck v. Sapet, where the plaintiff failed to respond to discovery for nearly one year. We stated that the case “provides an excellent example of the proper way to document the efforts made to obtain and provide adequate discovery responses.”[28] We went on to state that “failure to make or cooperate in discovery should first be resolved by making a motion in the proper court requesting an order compelling such discovery.” [29] And “if the party fails to comply with this first order to compel, the trial judge may then sanction that party in accordance with M.R.C.P. 37(b), which includes dismissing the case with prejudice.” [30] Here, I find Manning’s failure to respond to discovery only slightly more troublesome than this Court’s occasional failure to follow consistently its own precedent by making unannounced changes in the application of rules.
¶ 40. The majority supports its position that no motion to compel is necessary by citing Palmer v. Biloxi Regional Medical *121 Center, Inc. But in that case, the defendants filed a motion to compel, prior to seeking a motion to dismiss as a discovery sanction.[31] The majority also relies on Owens v. Whitwell for the proposition that “[i]f a party totally fails to respond to an interrogatory or his response is of absolutely no substance, subsection (d) of § 13-1-237 requires no prior order before imposing sanctions.”[32] Section 13-1-237 was repealed, effective July 1,1991, and no longer is the law, so Owens does not stand for the proposition the majority purports.
¶ 41. Because the trial judge based his dismissal on an incorrect belief that the plaintiff prevented the defendant from serving papers; and because the defendant filed no motion to compel, the sanction of dismissal of the lawsuit was inappropriate, so I respectfully dissent.
CHANDLER, J„ JOINS THIS OPINION.

. Miss. R. Civ. P. 5(b)(1).

. Miss. R. Civ. P. 37(2); see also Ford Motor Co. v. Tennin, 960 So.2d 379, 393 (Miss.2007) ("When a party is aware of an incomplete or evasive discovery response, that party should take affirmative action by seeking an order compelling discovery pursuant to Miss. R. Civ. P. 37(a)(2).”) (citing Warren v. Sandoz Pharm. Carp., 783 So.2d 735, 743 (Miss.Ct. App.2000)).

. See Caracci v. Int'l Paper Co., 699 So.2d 546, 557 (Miss. 1997) ("Under our rules of civil procedure, failure to make or cooperate in discovery should first be resolved by making a motion in the proper court requesting an order compelling such discovery. See MRCP 37(a)(2).... After such an order to compel has been granted under M.R.C.P. 37(a)(2), and the party ordered to answer fails to respond, then the remedy may be sanctions in accordance with M.R.C.P. 37(b).”); see also State Highway Comm'n v. Havard, 508 So.2d 1099, 1104 (Miss. 19 87) ("the discovering] party must seek and obtain an order compelling a more detailed response as a precondition of obtaining Rule 37(b) sanctions ...").

. Beck v. Sapet, 937 So.2d 945, 950 (Miss. 2006).

. Beck, 937 So.2d at 949 (citing Robert v. Colson, 729 So.2d 1243, 1245 (Miss.1999)).

. Beck, 937 So.2d at 949 (citing Clark v. Miss. Power Co., 372 So.2d 1077, 1080 (Miss. 1979)) (emphasis added).

. Palmer v. Biloxi Reg’l Med. Ctr., 564 So.2d 1346, 1351, and 1353 (Miss.1990).

. Owens v. Whitwell, 481 So.2d 1071, 1077 (Miss.l986)(emphasis added).